IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JOSHUA WILLIAMS, | * |
| Plaintiff, | * |
| vs. | *   No. 3:09cv0069 SWW |
| CRITTENDEN COUNTY, ARKANSAS; MELTON HOLT, JUDGE, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY; SHERIFF DICK BUSBY, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY; AND SHANNON HOUCHIN, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY, | * |
| Defendants. | * |

ORDER

Plaintiff Joshua Williams brings this 42 U.S.C. § 1983 action for civil damages against Crittenden County, Arkansas, Melton Holt, County Judge for Crittenden County, Dick Busby, Sheriff of the Crittenden County Sheriff's Department, and Shannon Houchin, then-Deputy Sheriff of the Crittenden County Sheriff's Department,[1] claiming that on May 16, 2006, Houchin beat him during his arrest for failure to pay misdemeanor fines, even though he was not resisting arrest, and then brutally beat him in jail and sprayed him with pepper spray while he was handcuffed, causing him significant and severe injuries. Plaintiff states that Houchin was subsequently charged by the United States and convicted of criminal offenses "for the brutal

---

[1] The complaint spells this defendant's last name as "Houchins" but the correct spelling is "Houchin."

beating of Plaintiff."[2]  Plaintiff also asserts state law claims of assault and battery, abusive process, "prima facie tort, conspiracy tort," outrage, and negligence.

Houchin filed a counterclaim on July 16, 2009, claiming plaintiff resisted arrest and physically attacked him, including using plaintiff's two-year-old daughter as a weapon by attempting to strike him with her, repeatedly stomping him about his head and face, head-butting him, kicking him, and spitting in his face, all of which caused him injury and constituted negligence, assault and battery, and the tort of intentional infliction of emotional distress, or outrage.[3]  Houchin states that as a result of plaintiff causing him physical injury, plaintiff was convicted of felony battery in the second degree on September 11, 2006.

The matter is before the Court on motion of plaintiff to dismiss [doc.#11] on grounds that any intentional tort asserted in Houchin's counterclaim, including the tort of outrage, carries with it a one year limitation of action and that the counterclaim thus should be dismissed as the statute of limitations have expired as to any and all claims asserted therein.[4]  Houchin, however, asserts, and this Court agrees, that under Arkansas law, even if a claim is time-barred, it may still be asserted as a setoff in a counterclaim against any relief sought by the plaintiff.  Ark. Code Ann. § 16-56-102; *Little Rock Crate & Basket Company v. Young*, 284 Ark. 295, 681 S.W.2d 388

---

[2] This Court's records reflect that on February 2, 2007, Houchin was indicted by the United States for assaulting plaintiff on May 16, 2006 (Count I), and for falsifying records and lying to the FBI (Counts II and III).  *See United States v. Houchin*, No. 4:07cr0025-GTE (E.D.Ark.).  Houchin pled guilty to the assault and Counts II and III were dismissed on motion of the United States.  Houchin was sentenced to twelve months plus one day and three years supervised release.

[3] Under Arkansas law, the tort of intentional infliction of emotional distress and the tort of outrage are the same causes of action.  *See, e.g., Ross v. Patterson*, 307 Ark. 68, 70, 817 S.W.2d 418, 420 (1991); *Crooms v. Younts*, 323 Ark. 95, 100, 913 S.W.2d 283, 286 (1996); *Hamaker v. Ivey*, 51 F.3d 108, 110 n.2 (8th Cir. 1995).

[4] Actually, the limitations period for the tort of outrage in Arkansas is three years, *see Paine v. Jefferson Nat. Life Ins. Co.*, No. 2:07cv00124 JLH/BD, 2008 WL 4809824, at *8 (E.D.Ark. Oct. 28, 2008) (citing Ark. Code. Ann. § 16-56-105), although the counterclaim was in any case filed beyond the three-year limitations period.

(1984); *Turner v. Eubanks*, 26 Ark.App. 22, 759 S.W.2d 37 (1988). To that extent, then, Houchin's counterclaim may proceed at this time.[5]

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss [doc.#11] be and it hereby is denied.

Dated this 28th day of October 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[5] While counterclaims need not arise out of the same transaction and occurrence as a plaintiff's claims in order to avoid the requirements of the statute of limitations, those claims must be asserted as a setoff or by way of recoupment. *Parkhurst v. Tabor*, Civ. No. 07-2068, 2008 WL 2323928, at *2 (W.D.Ark. June 2, 2008). Where defendant's claims cannot reduce plaintiff's potential recovery or provide recoupment against them because the success of defendant's claims is mutually exclusive of the success of plaintiff's claims, *i.e.*, defendant's claims cannot offset plaintiff's potential recovery where a finding that plaintiff's claims are true would preclude defendant's recovery, then defendant's claims are subject to the statute of limitations. *Id*. Plaintiff does not assert that the success of Houchin's claims are mutually exclusive of his.